IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATORIA GREENE,
a/k/a TIRZAH EL BEY,
        Petitioner,

vs.                                                    Case No.:  4:17cv592/WS/EMT

CRAIG E. COIL,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's Fifth Amended Petition, filed pursuant to 28 U.S.C. § 2241 (ECF No. 18).  Respondent seeks dismissal of the petition for lack of jurisdiction (ECF No. 21).   The court provided Petitioner an opportunity to file a response to Respondent's arguments (*see* ECF No. 22), but she has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed for lack of jurisdiction.

I.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner does not dispute Respondent's description of the background of this case.  Petitioner was charged in the United States District Court for the Middle District of Georgia with two counts of theft of government property (Counts One and Two), two counts of aggravated identity theft (Counts Three and Four), and one count of fraud in connection with access devices (Count Five) (*see* ECF No. 21 at 2).  *See* United States v. Greene, No. 1:14cr00030-WLS-TQL, Indictment, ECF No. 3 (M.D. Ga. Aug. 12, 2014).  Petitioner pleaded guilty to Counts One, Three, and Five (*see id.*).  *See* Greene, Plea Agreement, ECF No. 27 (M.D. Ga. Dec. 17, 2014).  On July 15, 2015, the court sentenced Petitioner to 96 months of imprisonment on Count One; 60 months of imprisonment on Count Five, to run concurrently to the sentence on Count One; and 24 months of imprisonment on Count Three, to run consecutively to the sentences on Counts One and Five, for a total term of imprisonment of 120 months (*see id.*).  *See* Greene, Minute Entry, ECF No. 44 (M.D. Ga. July 15, 2015); Judgment, ECF No. 48 (M.D. Ga. July 22, 2015).

On July 18, 2016, Petitioner filed a motion to vacate her sentence in the sentencing court, pursuant to 28 U.S.C. § 2255, alleging the following four grounds for relief:  (1) counsel was ineffective for failing to file a notice of appeal after

Petitioner requested that he do so; (2) counsel was ineffective for failing to challenge the actual loss amount; (3) counsel was ineffective for failing to explain the appellate process; and (4) Petitioner's guilty plea was unknowing or involuntary (*see* ECF No. 21 at 2–3).  *See* <u>Greene</u>, Motion to Vacate Under 28 U.S.C. §  2255, ECF No. 51 (M.D. Ga. July 18, 2016).  The § 2255 proceeding is still pending (*see id.* at 3).  *See* <u>Greene</u>, Order, ECF No. 102 (M.D. Ga. June 27, 2018) (denying relief on grounds one, two, and four, but remanding ground three to magistrate judge for further proceedings).

On or about December 20, 2017, Petitioner commenced this habeas case by filing a § 2241 petition (*see* ECF No. 1).  In her Fifth Amended Petition, she presents the following claims:

> <u>Ground one</u>:  "<u>Conviction obtained by a violation of the right against self-incrimination, violation of the Constitution for the United States (5th Amendment)</u>."
>
> <u>Ground two</u>:  "<u>Violation of the Constitution—denial of effective assistance of counsel to present an aggressive defense</u>."
>
> <u>Ground three</u>:  "<u>Violation of the Constitution, laws or treaties of the United States:  conviction obtained by denial of trial by jury in a court of constitutional judicial [sic] due process of law</u>."
>
> <u>Ground four</u>:  "<u>Violation of the Constitution—lack of subject matter jurisdiction</u>."

Ground five:  "Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea."

Ground six:  "Conviction obtained by action of a grand jury which was unconstitutionally selected or impaneled."

Ground seven:  "Conviction obtained for an act done in pursuance of an Act of Congress or an order process [sic], judgment or decree of a court or judge of the United States."

Ground eight:  "Petitioner is in custody under color of the authority of the United States."

(ECF No. 18).

II.    DISCUSSION

Respondent contends Petitioner's claims challenge the legality of the conviction and imposition of sentence; therefore, they must be brought in a § 2255 motion filed in the sentencing court (*see* ECF No. 21 at 4).   Respondent additionally argues Petitioner may not seek relief under § 2241, because she has not satisfied the "savings clause" of § 2255(e) (*id.* at 5–6).

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).   The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to

a prisoner unless she is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. See Hayman, 342 U.S. at 212–14, 218.  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[1]

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard,

Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). Whereas, a collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, 542 F.3d at 1351; Jordan, 915 F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling her motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has

661 F.2d 1206, 1207 (11th Cir. 1981).

> denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized language is known as the "saving clause." *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir.), *cert. denied* McCarthan v. Collins, 138 S. Ct. 502 (2017). The "saving clause" imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See id.* at 1080.

In McCarthan, the Eleventh Circuit explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086–87; *see id.* at 1079–80, 1096–99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)). The McCarthan court determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review." 851 F.3d at 1092.

The McCarthan court opined that a § 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances:  (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.  *See* McCarthan, 851 F.3d at 1092–93.

Further, the court rejected the argument that the § 2255 remedy is inadequate or ineffective with respect to a particular claim simply because the claim was foreclosed by binding Supreme Court or Circuit precedent.  *See* McCarthan, 851 F.3d at 1089.  "[A] change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'"  *Id.* at 1085. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.  *Id.* at 1087, 1089.

Here, Petitioner's habeas claims challenge the legality of her convictions and the imposition of her sentences; therefore, they are properly brought in a § 2255 motion. Petitioner has not shown that any of her habeas claims are not cognizable under § 2255, or that § 2255 could not provide a remedy for any of them. Nor has Petitioner shown that any of the limited circumstances described in McCarthan exist. Therefore, Petitioner does not qualify for review through the "saving clause" of § 2255(e). For these reasons, this district court lacks jurisdiction to consider her habeas claims.

## III.    CONCLUSION

Review of Petitioner's claims under § 2241 is unavailable because Petitioner challenges the validity of her convictions and sentences, not the execution of an initially valid confinement. Furthermore, she has not shown she is entitled to review via the "saving clause" of § 2255(e). Because Petitioner is plainly not entitled to pursue the relief she seeks under § 2241, this case should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

That the Fifth Amended Petition (ECF No. 18) be **DISMISSED for lack of jurisdiction**.

Case No:  4:17cv592/WS/EMT

At Pensacola, Florida this <u>21</u><sup>st</sup> day of September 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**